**SBAITI & COMPANY PLLC**
Mazin A. Sbaiti
California Bar No. 275089
2200 Ross Avenue, Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
*Counsel for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **TRIBUO PARTNERS LLC**<br><br>*Plaintiff,*<br><br>vs.<br><br>**WILSON SONSINI GOODRICH & ROSATI, P.C. and JOSEPH MATTHEW LYONS,**<br><br>*Defendants.* | Case No. 3:22-cv-02930-JSC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Tribuo Partners LLC files this Unopposed Motion for Leave to File Second Amended Complaint and respectfully requests that the Court grant such relief. To attempt good-faith, early-stage resolution of this matter, Plaintiff stipulated to dismiss Defendant Joseph Matthew Lyons without prejudice from this action. After discussions ended in impasse, litigation must proceed as originally set out. Accordingly, Plaintiff requests that the Court allow Plaintiff to file its Second Amended Complaint.

### I.
### LEGAL STANDARD

When a court has not entered a scheduling order, Rule 15 provides the standard for requesting leave to amend the pleadings. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 607–08 (9th Cir. 1992). "Federal Rule of Civil Procedure 15(a)(2) provides that the district court should 'freely give leave when justice so requires.'" *Herring Networks, Inc. v. Maddow*, 8 F.4th

1148, 1160 (9th Cir. 2021). "This policy is 'to be applied with extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)); *see Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574–75 (9th Cir. 2020).

"District courts generally consider four factors in determining whether to [grant] a motion to amend: 'bad faith, undue delay, prejudice to the opposing party, and the futility of amendment.'" *In re Korean Air Lines Co.*, 642 F.3d 685, 701 (9th Cir. 2011) (quoting *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)). These factors are not of equal importance, however—"[p]rejudice is the 'touchstone of the inquiry under [R]ule 15(a)' and 'carries the greatest weight.'" *CNET Networks, Inc. v. Etilize, Inc.*, 584 F. Supp. 2d 1260, 1267 (N.D. Cal. 2008) (quoting *Eminence Cap.*, 316 F.3d at 1052). "Absent prejudice, or a strong showing of any of the [relevant] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (emphasis omitted). The decision of whether to grant leave to amend is within the district court's discretion. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## II.

## ARGUMENTS AND AUTHORITIES

Each relevant analytical factor strongly favors granting leave to amend—accordingly, Plaintiff respectfully requests that the Court exercise its discretion and grant leave for Plaintiff to file its Second Amended Complaint.

First and foremost, Defendants will not suffer prejudice if leave to amend is granted. Prejudice tends to inure to nonmoving parties the further along a case is. *See Navarro v. SmileDirectClub, Inc.*, No. 22-cv-00095, 2022 U.S. Dist. LEXIS 69940, at *11 (N.D. Cal. Apr. 15, 2022). Here, the case is in its infancy—the Court has not entered a scheduling order, discovery

has yet to commence, and Defendants' attorneys have yet to even make their appearances. *See Finjan, Inc. v. Check Point Software Techs.*, No. 18-cv-02621, 2019 U.S. Dist. LEXIS 62473, at *10 (N.D. Cal. Apr. 2, 2019). There is no risk of prejudicing Defendants, especially considering the instant motion is unopposed. And even if they were to suffer any prejudice, it would be minimal at most, a far cry from the "substantial" level of prejudice necessary to outweigh "Rule 15(a)'s liberal policy favoring leave." *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1047 (N.D. Cal. 2021).

The other relevant factors also weigh in favor of granting leave. Plaintiff does not seek leave to amend in bad faith; necessity to amend here arises out of the parties' good-faith efforts to resolve this matter at an early stage. As well, Plaintiff did not wait to amend its pleadings in a manner that will cause any delay, let alone unduly so. As soon as discussions among the parties broke down regarding early resolution, Plaintiff promptly moved to amend. *See Dominguez v. City of San Jose*, No. 18-cv-04826, 2022 U.S. Dist. LEXIS 140528, at *12 (N.D. Cal. Aug. 8, 2022). And as stated above, this case is in its infancy, so delay will not result from the Court granting leave to amend. Moreover, amending the complaint is not futile. Plaintiff makes the allegations in its complaint in good faith, and they deserve to be heard on the merits. *See Allen v. Mall*, No. 12-cv-02368, 2013 U.S. Dist. LEXIS 172890, at *13 (N.D. Cal. Dec. 8, 2013) ("Under Rule 15(a), 'if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

Seeing as all relevant factors weigh significantly in favor of granting leave to amend and that the instant motion is unopposed, Plaintiff respectfully requests that the Court exercise its discretion and grant leave for Plaintiff to file its Second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2); *see also Eminence Cap.*, 316 F.3d at 1052.

## III.

## CONCLUSION

For the foregoing reasons, Plaintiff Tribuo Partners LLC respectfully requests that the Court grant leave for Plaintiff to file its Second Amended Complaint.

DATED: August 17, 2022    Respectfully submitted,

**SBAITI & COMPANY PLLC**

By: */s/ Mazin A. Sbaiti*
    **Mazin A. Sbaiti**
    California Bar No. 275089
    mas@sbaitilaw.com
    2200 Ross Avenue, Suite 4900W
    Dallas, TX  75201
    T: (214) 432-2899
    F: (214) 853-4367

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 15, 2022, the undersigned counsel consulted with counsel for Defendant, Allison Lane, who represented that Defendant does not oppose the requested relief.

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti