**SBAITI & COMPANY PLLC**
Mazin A. Sbaiti
California Bar No. 275089
2200 Ross Avenue, Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **TRIBUO PARTNERS LLC**<br><br>*Plaintiff,*<br><br>vs.<br><br>**WILSON SONSINI GOODRICH & ROSATI, P.C. and JOSEPH MATTHEW LYONS,**<br><br>*Defendants.* | Case No. 22-cv-02930-JSC<br><br>**SECOND AMENDED COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Tribuo Partners LLC respectfully files its Second Amended Complaint against Defendants Wilson Sonsini Goodrich & Rosati, P.C. and Joseph Matthew Lyons ("Defendants"). The thesis of this case is simple. Plaintiff placed a high-level partner at Wilson Sonsini—bringing multiple millions of dollars to the firm—and Wilson Sonsini refused to pay the contracted-for, industry-standard placement fee. Plaintiff simply seeks the compensation owed for the services it rendered.

**I.**

**PARTIES**

1. Plaintiff Tribuo Partners LLC is a Colorado limited liability company that provides nationwide legal-search services. Plaintiff's sole member, Scott Michael Legg, is domiciled in Denver, Denver County, Colorado.

2.      Defendant Wilson Sonsini Goodrich & Rosati, P.C. is a California professional corporation. Defendant may be served with process through its registered agent, Donald Edward Bradley, at 650 Page Mill Road, Palo Alto, California 94304.

3.      Defendant Joseph Matthew Lyons is an individual who, upon information and belief, resides in Austin, Travis County, Texas. He may be served wherever he may be found.

## II.
## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States—Colorado, California, and Texas, respectively. *See* 28 U.S.C. § 1332(a)(1). Plaintiff is a single-member entity whose sole member is a citizen of the United States and is domiciled in Colorado. *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) ("[A] limited liability company 'is a citizen of every state of which its owners/members are citizens.'") (citation omitted); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

5.      Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the instant claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

6.      Assignment to the San Francisco Division of this District is proper pursuant to Civil Local Rule 3-2(c)–(d) because Defendant Wilson Sonsini Goodrich & Rosati, P.C. maintains an office in the District in San Francisco.

## III.
## FACTUAL BACKGROUND

7.      Plaintiff Tribuo Partners LLC ("Plaintiff" or "Tribuo") is a nationwide legal-services search and placement firm. Among other services, Tribuo finds law partners and legal practice groups to meet the hiring and expansion needs of other suitor-firms.

8.      In late 2019, Scott Michael Legg ("Michael"), a partner at Tribuo, began corresponding with Robert T. Ishii ("Ishii"), a partner and practice-group leader in the San Francisco office of Defendant Wilson Sonsini Goodrich & Rosati, P.C. ("Wilson Sonsini").

9. During their initial conversations, Ishii expressed to Michael that Wilson Sonsini wanted Tribuo to locate potential partners and accompanying practice groups to join the firm's mergers-and-acquisitions practice. Michael agreed to begin searching for a partner and practice group that fit the parameters set out for Wilson Sonsini by Ishii.

10. Over the next several months, Tribuo, through Michael, worked diligently to locate the individuals Wilson Sonsini sought for its offices nationwide.

11. Eventually, Michael homed in on a partner candidate, Defendant Joseph Matthew Lyons ("Lyons"), who worked at a law firm in Austin, Texas. Michael began preparations to present Lyons as a partner candidate for Wilson Sonsini's Austin office. Lyons represented to Tribuo that he and his practice group had millions of dollars in annual, portable business generation.

12. On June 9, 2020, Michael presented Lyons to Ishii, and Ishii instructed Michael to arrange a meeting between Lyons and Rob Suffoletta ("Suffoletta"), the managing partner of Wilson Sonsini's Austin office.

13. That same day, Michael reached out to Suffoletta to arrange the meeting with Lyons. Michael gave an overview of Lyons's credentials and areas of expertise, and Suffoletta indicated he wanted to meet Lyons, informing Michael that he would provide available times for a meeting with Lyons the following day.

14. On June 11, 2020, Michael presented Lyons to Suffoletta. Suffoletta responded to the email later that day, providing the times during which he was available for an initial meeting in the coming days. At no time did Suffoletta indicate he was already aware of Lyons or considering Lyons as a candidate for hire.

15. On June 14, 2020, Michael informed Suffoletta and Ishii that he had shared Suffoletta's availability with Lyons and that Lyons would reach out to Suffoletta directly thereafter to connect. Michael concluded this email to Suffoletta by stating that Tribuo aimed to help "Wilson [Sonsini] grow when [Tribuo] c[a]me across great candidates." Michael added that he hoped Tribuo could "add value to these efforts" and to let him know (1) if Tribuo could be of further assistance and (2) when Lyons confirmed the date and time of the initial meeting with Suffoletta.

Suffoletta acknowledged this correspondence and again gave no indication that another placement firm had presented Lyons to him.

16. Three days later, Michael circled back with Suffoletta to see if he and Lyons had connected—Suffoletta responded that he had yet to hear from Lyons.

17. Over several months, Tribuo continued to facilitate correspondence between Lyons and Wilson Sonsini. On September 21, 2020, Michael emailed Suffoletta to confirm that Lyons and Suffoletta had connected and set up a meeting.

18. Upon information and belief, after Tribuo, through Michael, facilitated the meeting between Lyons and Suffoletta, several subsequent meetings and conversations ensued between the two of them.

19. Upon information and belief, Lyons decided to leave his then-current firm to join the Austin office of Wilson Sonsini with a guaranteed, multimillion-dollar salary per year for his first two years at Wilson Sonsini.

20. On April 12, 2021, Michael called Suffoletta once Lyons decided to join Wilson Sonsini. Michael left Suffoletta a voicemail "inquiring proper information on the person(s) [Tribuo] should send the invoice regarding . . . Lyons' placement."

21. On April 14, 2021, Michael reached back out to Suffoletta to congratulate Wilson Sonsini on Lyons joining the firm and to inquire (again) as to whom Tribuo should send the invoice for Lyons's placement. This is when Wilson Sonsini's coverup began.

22. Terri Foland ("Foland"), Wilson Sonsini's Senior Manager of Lateral Partner Recruiting, informed Michael that the firm would not pay Tribuo for the legal-search services rendered because, as Wilson Sonsini maintains, Lyons had been submitted by a different legal-services search firm and, therefore, Tribuo was not owed any compensation.

23. This coverup was a blatant attempt by Foland on Wilson Sonsini's behalf to retain the fee owed to Tribuo by Wilson Sonsini—the firm stated that Lyons had been submitted by a different legal-services search firm, having allegedly done so on September 4, 2020. Tribuo had presented Lyons to Wilson Sonsini on June 11, 2020.

24. Despite this assertion, Wilson Sonsini did not include any evidence that a different legal-services search firm had actually presented Lyons as a partner candidate to Suffoletta and Ishii.

25. Moreover, at the time Lyons was introduced, no one at Wilson Sonsini ever mentioned to Tribuo that Lyons had already been submitted by someone else; in fact, Wilson Sonsini was eager for Tribuo to facilitate Lyons's introduction to the firm. Lyons never mentioned that he had retained the services of another legal-placement firm to present him as a candidate to any law firms, let alone Wilson Sonsini.

26. Further, even if Lyons had been submitted as a candidate for hire to someone else at Wilson Sonsini, it was *Tribuo*'s submission of Lyons to Ishii and Suffoletta that led Wilson Sonsini to hire Lyons.

27. To this day, Wilson Sonsini has failed to remit payment to Tribuo for the services provided in locating and presenting Lyons as a partner candidate. Lyons has obtained the benefit of a high salary at a prestigious law firm, and Wilson Sonsini has the benefit of millions in legal billings generated by Lyons.

## IV.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Breach of Contract—Wilson Sonsini)**

28. Plaintiff incorporates as though realleged herein each and every factual allegation set forth above.

29. Plaintiff and Wilson Sonsini orally agreed that Plaintiff would provide legal-placement services, obviously relying on the industry-standard compensation terms that Wilson Sonsini would owe if it had formally hired someone—25% of the placement's first-year guaranteed compensation.

30. The conduct of Plaintiff and Wilson Sonsini otherwise manifested the existence and terms of an implied contract for Plaintiff's legal-placement services.

31. The contract was valid and binding as between Plaintiff and Wilson Sonsini.

32. As previously alleged, Plaintiff at all times performed its obligations under the contract; Wilson Sonsini did not. Specifically, Wilson Sonsini failed to remit payment to Plaintiff for the contractual services provided, which is 25% of Lyons's guaranteed first-year compensation.

33. Plaintiff is entitled to damages.

## SECOND CAUSE OF ACTION

### (Quantum Meruit—Wilson Sonsini)

34. Plaintiff incorporates as though realleged herein each and every factual allegation set forth above.

35. Wilson Sonsini requested services from Plaintiff related to locating personnel for Wilson Sonsini to hire to the firm. Wilson Sonsini agreed to pay Plaintiff for its services.

36. Plaintiff provided the services Wilson Sonsini requested and in reliance upon Wilson Sonsini's promises to compensate Plaintiff for that work.

37. Plaintiff is entitled to the reasonable value of the services Plaintiff provided Wilson Sonsini at Wilson Sonsini's request, and for which Plaintiff has not been paid.

## THIRD CAUSE OF ACTION

### (Promissory Estoppel—Wilson Sonsini)

38. Plaintiff incorporates as though realleged herein each and every factual allegation set forth above.

39. Plaintiff is a legal-services search and placement firm. Wilson Sonsini communicated with Plaintiff and asked Plaintiff to provide locating services for Wilson Sonsini. Wilson Sonsini was fully aware of what services Plaintiff offered and knew that Plaintiff provided these services for compensation.

40. Wilson Sonsini's request for Plaintiff's services was reasonably calculated to induce Plaintiff to render the services Wilson Sonsini sought.

41. Plaintiff relied on Wilson Sonsini's promise and substantially changed its position by expending resources and dedicating valuable time over many months in doing work for Wilson Sonsini.

42. Plaintiff is entitled to a remedial order in an amount equivalent to the value of the services provided by Plaintiff.

## FOURTH CAUSE OF ACTION

### (Breach of Contract—Lyons)

43. Plaintiff incorporates as though realleged herein each and every factual allegation set forth above.

44. Plaintiff and Lyons orally agreed that Plaintiff would present Lyons as a candidate for hire to law firms in exchange for Plaintiff's legal-placement services.

45. The conduct of Plaintiff and Lyons otherwise manifested the existence and terms of an implied contract for Plaintiff's legal-search services.

46. The contract was valid and binding as between Plaintiff and Lyons.

47. As previously alleged, Plaintiff at all times performed its obligations under the contract; Lyons did not. Specifically, Lyons apparently solicited the services of a different legal-services search firm to present him to Wilson Sonsini after Plaintiff already had.

48. Plaintiff is entitled to damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (Quantum Meruit—Lyons)

49. Plaintiff incorporates as though realleged herein each and every factual allegation set forth above.

50. Lyons requested services from Plaintiff related to locating a law firm that would hire Lyons. Lyons agreed to be presented by Plaintiff as a candidate for hire to law firms in exchange for Plaintiff's its services.

51. Plaintiff provided the services Lyons requested and in reliance upon Lyon's promises to be presented by Plaintiff as a candidate for hire to law firms.

52. Plaintiff is entitled to the reasonable value of the services Plaintiff provided Lyons at Lyons's request, and for which Plaintiff has not been paid.

## SIXTH CAUSE OF ACTION

### (Promissory Estoppel—Lyons)

53. Plaintiff incorporates as though realleged herein each and every factual allegation set forth above.

54. Plaintiff is a legal-services search and placement firm. Lyons communicated with Plaintiff and asked Plaintiff to present Lyons as a candidate for hire to law firms. Lyons was fully aware of what services Plaintiff offered and knew that Plaintiff provided these services for compensation.

55. Lyons's request for Plaintiff to present him as a candidate for hire to law firms—and Wilson Sonsini in particular—was reasonably calculated to induce Plaintiff to render the services Lyons sought.

56. Plaintiff relied on Lyons's promise and substantially changed its position by expending resources and dedicating valuable time over many months in doing work for Lyons.

57. Plaintiff is entitled to a remedial order in an amount equivalent to the value of the services provided by Plaintiff.

## SEVENTH CAUSE OF ACTION

### (Unfair Competition in Violation of

### CAL. BUS. & COM. CODE §§ 17200 *et seq.*—All Defendants)

58. Plaintiff incorporates as though realleged herein each and every factual allegation set forth above.

59. California Business and Commerce Code §§ 17200 *et seq.* prohibits any unlawful, unfair, or fraudulent business act or practice; any unfair, deceptive, untrue, or misleading advertising, any violation of California Business and Commerce Code §§ 17500 *et seq.*

60. Defendants violated the UCL by engaging in unlawful, unfair, and fraudulent business acts or practices, including but not limited to, receiving the value of Plaintiff's services and know-how yet failing to compensate Plaintiff for the services rendered.

V.

**JURY DEMAND**

61. Plaintiff demands a trial by jury as to all issues triable by a jury.

VI.

**RELIEF REQUESTED**

Plaintiff Tribuo Partners LLC prays this Court:

A. Awards Plaintiff actual, compensatory, and consequential damages, including pre- and post-judgment interest at the highest rate allowed by law;

B. Awards Plaintiff restitution in the amount equal to the reasonable value of the services Plaintiff provided Defendants at Defendants' request, and for which Plaintiff has not been paid;

C. Awards Plaintiff a remedial order in an amount equivalent to the value of the services provided by Plaintiff to Defendants;

D. Awards Plaintiff its reasonable and necessary attorney's fees and costs as allowed by statute, contract, or common law; and

E. Grants Plaintiff any and all other legal and equitable relief as may be available under law the Court may deem proper.

| | | |
|---|---|---|
| 1 | DATED: August 17, 2022 | Respectfully submitted, |
| 2 | | **SBAITI & COMPANY PLLC** |
| 3 | | |
| 4 | | By: */s/ Mazin A. Sbaiti* |
| | | **Mazin A. Sbaiti** |
| 5 | | California Bar No. 275089 |
| 6 | | mas@sbaitilaw.com |
| | | 2200 Ross Avenue, Suite 4900W |
| 7 | | Dallas, TX  75201 |
| | | T: (214) 432-2899 |
| 8 | | F: (214) 853-4367 |
| 9 | | COUNSEL FOR PLAINTIFF |