**SBAITI & COMPANY PLLC**
Mazin A. Sbaiti
California Bar No. 275089
2200 Ross Avenue, Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **TRIBUO PARTNERS LLC**<br><br>*Plaintiff,*<br><br>vs.<br><br>**WILSON SONSINI GOODRICH & ROSATI, P.C. and JOSEPH MATTHEW LYONS,**<br><br>*Defendants.* | Case No. 22-cv-02930-TLT<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Jury Trial Demanded<br><br>Courtroom: 9 – 19th Floor<br>Judge: Hon. Trina L. Thompson<br>Complaint Filed: May 17, 2022<br>FAC Filed:     June 13, 2022<br>SAC Filed:     September 14, 2022 |

In their answer to Plaintiff Tribuo Partners LLC's operative complaint, Defendants Wilson Sonsini Goodrich & Rosati, P.C. and Joseph Matthew Lyons nominally asserted six defenses. Three of those defenses—unclean hands, bad faith, and fraud—were pleaded in a conclusory manner, and without particularity. Doing so contravened Rule 9(b) of the Federal Rules of Civil Procedure, and Plaintiff respectfully requests that the Court strike Defendants' unclean-hands, bad-faith, and fraud defenses under Rule 12(f).

**I.**

**BACKGROUND**

This case concerns Defendant Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR")'s refusal to pay Plaintiff Tribuo Partners LLC ("Tribuo" or "Plaintiff") for placing Defendant Joseph

1  Matthew Lyons ("<u>Lyons</u>") (collectively with WSGR, "<u>Defendants</u>") at WSGR. Simply put, Tribuo
2  placed Lyons, a high-level partner, at WSGR—which brought multiple millions of dollars to the
3  firm—and WSGR refused to pay Tribuo the contracted-for, industry-standard placement fee.

4  Tribuo first filed suit for breach of contract, quantum meruit, and promissory estoppel on
5  May 17, 2022. Dkt. No. 1. The operative complaint was filed on September 14, 2022. Dkt. No. 18.
6  On October 5, 2022, Defendants filed their answer. Dkt. No. 19. Defendants asserted six defenses,
7  three of which are the subject of this motion.

8  The second defense pleaded was "Unclean Hands," and Defendants stated, "By reason of
9  Plaintiff's unclean hands, Plaintiff is barred by the doctrine of unclean hands from recovering
10 damages, if any." *Id.* at 5.

11 The third defense pleaded was "Bad Faith," and Defendants stated, "On information and
12 belief, Plaintiff's claims are made in bad faith and/or for improper and unfair purposes." *Id.*

13 And the fifth defense pleaded was "Fraud"—Defendants stated, "To the extent that the
14 court finds that there was a written or oral contract between Tribuo and Lyons and/or [WSGR], it
15 is invalid and cannot be enforced based on Tribuo and [Scott Michael] Legg's fraud or
16 misrepresentation. Legg knew that his representations were not true but made the representations
17 to [WSGR] and Lyons to persuade each of them to enter into a contract." *Id.* at 6.

## II.

## LEGAL STANDARD

20 Rule 12(f) of the Federal Rules of Civil Procedure permits courts to "strike from a
21 pleading," among other things, "insufficient defense[s]." *See also* FED. R. CIV. P. 7(a)(2)
22 (identifying "an answer to a complaint" as a pleading). Engaging this procedural mechanism helps
23 "avoid the expenditure of time and money that must arise from litigating spurious issues by
24 dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885
25 (9th Cir. 1983).

26 "An affirmative defense is insufficiently pled if it does not give the plaintiff fair notice of
27 the nature of the defense." *J & J Sports Prods. v. Mendoza-Govan*, No. 10-cv-05123, 2011 U.S.

1  Dist. LEXIS 47075, at *3 (N.D. Cal. Apr. 25, 2011). And where, as here, an affirmative defense
2  involves allegations of fraud, Rule 9(b) requires the affirmative defense to be pleaded with
3  particularity. *De Sesto v. Slaine*, 171 F. Supp. 3d 194, 205 (S.D.N.Y. 2016) ("[A]ffirmative
4  defenses alleging fraud must be pled with particularity as required by Rule 9(b) or be struck as
5  inadequately pled."); *see, e.g.*, *Methode Elecs., Inc. v. Infineon Techs. Corp.*, No. 99-cv-21142,
6  2000 U.S. Dist. LEXIS 20685, at *7–11 (N.D. Cal. July 13, 2000); *see also* 5C CHARLES ALAN
7  WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed.) ("[A] motion to strike can
8  be used to challenge a defense that fails to meet the particularity requirements that do apply to
9  defenses, such as allegations of fraud."). To satisfy Rule 9(b), "a pleading must identify 'the who,
10 what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading
11 about the purportedly fraudulent statement, and why it is false.'" *United States ex rel. Silingo v.*
12 *Wellpoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (brackets omitted) (quoting *United States ex rel.*
13 *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)). "Any averments
14 which do not meet that standard should be 'disregarded,' or 'stripped' from the [pleading] for
15 failure to satisfy Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

### III.

### ARGUMENTS AND AUTHORITIES

18  Beginning with the fraud defense, Defendants come nowhere close to satisfying the
19 strictures of Rule 9(b), barely scratching the surface of pleading the requisite information with any
20 particularity. *See* FED. R. CIV. P. 9(b). Defendants specify the "who" of their fraud theory, but
21 that's pretty much it. This is a significant distance away from "identify[ing] 'the who, what, when,
22 where, and how of the misconduct charged,' as well as 'what is false or misleading about the
23 purportedly fraudulent statement, and why it is false.'" *Silingo*, 904 F.3d at 677 (brackets omitted)
24 (quoting *Cafasso*, 637 F.3d at 1055). Without more, Tribuo is unable to "prepare an adequate
25 answer [to] the[se] allegations" due to the lack of detail. *See Moore v. Kayport Package Express,*
26 *Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). As such, the Court should strike Defendants' fraud defense.

As for Defendants' unclean-hands and bad-faith defenses, to the extent they rest on allegations amounting to fraud or mistake, they should be stricken. Defenses other than fraud or mistake can be subject to Rule 9(b)'s pleading requirements. *See, e.g.*, *Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, No. 14-cv-0437, 2016 U.S. Dist. LEXIS 9078, at *31 (N.D. Cal. Jan. 26, 2016) ("[B]ecause [the defendant]'s unclean hands defense alleges fraud, it must also be plead with the particularity required by Rule 9(b).").

Here, Defendants' assertion of unclean hands and bad faith likely will involve allegations of fraud. But they do not currently do so, and at the very least, Defendants should be compelled to clarify given the nearly nonexistent detail in their pleading. Without further information regarding the basis of these allegations and the extent to which they concern fraud or mistake, Tribuo cannot be on notice of the factual basis of these defenses. *See Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

Unless and until Defendants aver before the Court that these defenses will not involve any allegations of fraud, Tribuo respectfully requests that the Court strike the defenses of unclean hands and bad faith for failing to meet the particularity requirement of Rule 9(b).

### IV.
### **CONCLUSION**

For the foregoing reasons, Plaintiff Tribuo Partners LLC respectfully requests that the Court, under Rule 12(f), strike Defendants' defenses of unclean hands, bad faith, and fraud.

1  DATED: October 7, 2022            Respectfully submitted,

2                                    **SBAITI & COMPANY PLLC**

3
                                     By: */s/ Mazin A. Sbaiti*
4                                        **Mazin A. Sbaiti**
                                         California Bar No. 275089
5                                        mas@sbaitilaw.com
                                         2200 Ross Avenue, Suite 4900W
6                                        Dallas, TX  75201
                                         T: (214) 432-2899
7                                        F: (214) 853-4367

8                                    COUNSEL FOR PLAINTIFF

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28