```
Allison Lane (SBN 152384)
Justin J. Fields (SBN 259491)
Bridget S. Cho (SBN 325844)
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415.957.3000
Facsimile: +1 415.957.3001
E-mail: alane@duanemorris.com
        jfields@duanemorris.com
        bscho@duanemorris.com

Attorneys for Defendants
WILSON SONSINI GOODRICH & ROSATI, P.C. and
JOSEPH MATTHEW LYONS
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIBUO PARTNERS LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>WILSON SONSINI GOODRICH & ROSATI, P.C. and JOSEPH MATTHEW LYONS,<br><br>        Defendants. | Case No.: 3:22-cv-02930-TLT<br><br>**DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Courtroom:  9 – 19th Floor<br>Judge:        Hon. Trina L. Thompson<br>Complaint Filed:   May 17, 2022<br>FAC Filed:         June 13, 2022<br>SAC Filed:         September 14, 2022 |

Defendants Wilson Sonsini Goodrich & Rosati, P.C. and Joseph Matthew Lyons (collectively "Defendants") submit an amended answer to Plaintiff Tribuo Partners LLC's ("Plaintiff" or "Tribuo") Second Amended Complaint ("Complaint"), Case Number 3:22-cv-02930-TLT, as follows:

## PARTIES

1. Defendants admit that "Tribuo Partners LLC" is a Colorado limited liability company. Defendants are without sufficient knowledge or information to admit or deny the remainder of paragraph 1.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

**JURISDICTION AND VENUE**

4. The allegations of paragraph 4 are legal assertions and do not require a response.

5. The allegations of paragraph 5 are legal assertions and do not require a response.

6. The allegations of paragraph 6 are legal assertions and do not require a response.

**FACTUAL BACKGROUND**

7. Defendants are without sufficient knowledge or information to admit or deny paragraph 7.

8. Defendants admit that in or around 2019, Scott Michael Legg ("Legg") of Tribuo communicated with Robert T. Ishii ("Ishii"), a partner in Wilson Sonsini's San Francisco office. Defendants deny the remaining allegations of paragraph 8.

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants are without sufficient knowledge or information to admit or deny the first and second sentences of paragraph 11. Defendants deny that "Lyons represented to Tribuo that he and his practice group had millions of dollars in annual, portable business generation."

12. Defendants deny the allegations of paragraph 12.

13. Defendants admit that Legg contacted Rob Suffoletta ("Suffoletta"), a partner in Wilson Sonsini's Austin office. Defendants deny the remaining allegations of paragraph 13.

14. Defendants admit that "Suffoletta responded to [Legg's June 11, 2020 email]." Defendants deny the remaining allegations of paragraph 14.

15. Defendants admit that they received an email on June 12, 2020, not on June 14, 2020, as alleged in paragraph 15. Defendants are without sufficient knowledge to deny or admit the allegations of paragraph 15.

16. Defendants admit that they received an email on June 17, 2020, not "three days later" from June 12, 2020 as alleged in paragraph 15. Defendants are without sufficient knowledge to deny or admit the allegations of paragraph 16.

/ / /

17. Defendants admit that "[o]n September 21, 2020, [Legg] emailed Suffoletta." Defendants deny the remaining allegations of paragraph 17.

18. Defendants admit that Lyons and Suffoletta engaged in "several subsequent meetings and conversations," but deny that it was because of anything Tribuo did nor did not do, or that Tribuo facilitated these conversations.

19. Defendants admit that Lyons "join[ed] the Austin office of Wilson Sonsini." Defendants deny the allegations of paragraph 19.

20. Defendants admit the allegations of paragraph 20.

21. Defendants admit that "Legg reached back out to Suffoletta to congratulate Wilson Sonsini on Lyons joining the firm and to inquire (again) as to whom Tribuo should send the invoice for Lyon's placement." Defendants deny the remaining allegations of paragraph 21.

22. Defendants admit that Terri Foland, Wilson Sonsini's Senior Manager of Lateral Partner Recruiting, informed Legg that the firm would not pay Tribuo. Defendants deny the remaining allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants admit that they have not paid Tribuo. Defendants deny the remaining allegations of paragraph 27.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Breach of Contract – Wilson Sonsini)

28. Defendants incorporate by reference their responses to paragraphs 1 through 27.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

## SECOND CAUSE OF ACTION

### (Quantum Meruit – Wilson Sonsini)

34. Defendants incorporate by reference their responses to paragraphs 1 through 33.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

## THIRD CAUSE OF ACTION

### (Promissory Estoppel – Wilson Sonsini)

38. Defendants incorporate by reference their responses to paragraphs 1 through 37.

39. Defendants are without sufficient knowledge or information to admit or deny the first sentence of paragraph 39.  Defendants deny all other allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

## FOURTH CAUSE OF ACTION

### (Breach of Contract – Lyons)

43. Defendants incorporate by reference their responses to paragraphs 1 through 42.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

## FIFTH CAUSE OF ACTION

### (Quantum Meruit – Lyons)

49. Defendants incorporate by reference their responses to paragraphs 1 through 48.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

## SIXTH CAUSE OF ACTION

### (Promissory Estoppel – Lyons)

53. Defendants incorporate by reference their responses to paragraphs 1 through 52.

54. Defendants are without sufficient knowledge or information to admit or deny the first sentence of paragraph 54. Defendants deny all other allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

As separate affirmative defenses to the Complaint, Defendants allege:

## AFFIRMATIVE DEFENSES

## AFFIRMATIVE DEFENSE NUMBER ONE

### (Failure to State a Cause of Action)

Plaintiff's Complaint, and each purported cause of action, fails to state facts sufficient to state a cause of action against Defendants.

## AFFIRMATIVE DEFENSE NUMBER TWO

### (Unclean Hands)

In conversations with Lyons and Ishii and Suffoletta, Legg either intentionally or negligently misrepresented to Lyons that he represented Wilson Sonsini, and to Ishii and Suffoletta that he represented Lyons. In or around June 2020, Legg called Lyons and said that he was representing Wilson Sonsini in connection with recruitment. However, Legg was not in fact representing Wilson Sonsini. On or about June 11, 2020, Legg told Suffoletta that Legg was representing a group in Austin, Texas, headed by Lyons. However, Legg was not, in fact, representing Lyons. By reason of Plaintiff's unclean hands, Plaintiff is barred by the doctrine of unclean hands from recovering damages, if any.

/ / /

/ / /

/ / /

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT     CASE NO.: 3:22-CV-02930-TLT

## AFFIRMATIVE DEFENSE NUMBER THREE

### (Reasonableness)

At all relevant times, Defendants acted honestly and reasonably. The allegations, requests and demands in Plaintiff's Complaint are not reasonable.

## AFFIRMATIVE DEFENSE NUMBER FOUR

### (Fraud)

In conversations with Lyons and Ishii and Suffoletta, Legg either intentionally or negligently misrepresented to Lyons that he represented Wilson Sonsini, and to Ishii and Suffoletta that he represented Lyons. In or around June 2020, Legg called Lyons and said that he was representing Wilson Sonsini in connection with recruitment. However, Legg was not in fact representing Wilson Sonsini. On or about June 11, 2020, Legg told Suffoletta that Legg was representing a group in Austin, Texas, headed by Lyons. However, Legg was not, in fact, representing Lyons. To the extent that the court finds that there was a written or oral contract between Tribuo and Lyons and/or Wilson Sonsini, it is invalid and cannot be enforced based on Tribuo and Legg's fraud or misrepresentation. Legg knew that his representations were not true, but made the representations to Wilson Sonsini and Lyons to persuade each of them to enter into a contract.

## AFFIRMATIVE DEFENSE NUMBER FIVE

### (Bad Faith)

In conversations with Lyons, Ishii and Suffoletta, Legg either intentionally or negligently misrepresented to Lyons that he represented Wilson Sonsini, and to Ishii and Suffoletta that he represented Lyons. In or around June 2020, Legg called Lyons and said that he was representing Wilson Sonsini in connection with recruitment. However, Legg was not in fact representing Wilson Sonsini. On or about June 11, 2020, Legg told Suffoletta that Legg was representing a group in Austin, Texas, headed by Lyons. However, Legg was not, in fact, representing Lyons. To the extent that the court finds that a contract exists, Plaintiff's claims are made in bad faith and/or for improper and unfair purposes.

/ / /

/ / /

## AFFIRMATIVE DEFENSE NUMBER SIX

### (Unknown Defenses)

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## **PRAYER**

Defendants pray that judgment be entered against Plaintiff as follows:

1. Dismissing Plaintiff's Complaint in its entirety, and with prejudice, and adjudicating that Defendants owe nothing to Plaintiff;

2. Judgment in favor of Defendants; and

3. An award to Defendants of such other and further relief as the Court deems just and proper.

Dated: October 17, 2022                             **DUANE MORRIS LLP**

By:     /s/ Allison Lane
         Allison Lane
         Justin J. Fields
         Bridget S. Cho
         Attorneys for Defendants
         WILSON SONSINI GOODRICH & ROSATI, P.C.
         and JOSEPH MATTHEW LYONS

DM1\13536134.1