**SBAITI & COMPANY PLLC**
Mazin A. Sbaiti
California Bar No. 275089
2200 Ross Avenue, Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **TRIBUO PARTNERS LLC**<br><br>*Plaintiff,*<br><br>vs.<br><br>**WILSON SONSINI GOODRICH & ROSATI, P.C. and JOSEPH MATTHEW LYONS,**<br><br>*Defendants.* | Case No. 22-cv-02930-TLT<br><br>**PLAINTIFF'S SECOND NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Jury Trial Demanded<br><br>Courtroom: 9 – 19th Floor<br>Judge: Hon. Trina L. Thompson<br>Complaint Filed: May 17, 2022<br>FAC Filed:     June 13, 2022<br>SAC Filed:     September 14, 2022 |

In their amended answer to Plaintiff Tribuo Partners LLC's operative complaint, Defendants Wilson Sonsini Goodrich & Rosati, P.C. and Joseph Matthew Lyons nominally asserted six defenses. Three of those defenses—unclean hands, bad faith, and fraud—were pleaded without particularity. Doing so contravened Rule 9(b) of the Federal Rules of Civil Procedure, and Plaintiff respectfully requests that the Court strike Defendants' unclean-hands, bad-faith, and fraud defenses under Rule 12(f).

## I.

## BACKGROUND

This case concerns Defendant Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR")'s refusal to pay Plaintiff Tribuo Partners LLC ("Tribuo" or "Plaintiff") for placing Defendant Joseph

Matthew Lyons ("Lyons") (collectively with WSGR, "Defendants") at WSGR. Simply put, Tribuo placed Lyons, a high-level partner, at WSGR—which brought multiple millions of dollars to the firm—and WSGR refused to pay Tribuo the contracted-for, industry-standard placement fee.

Tribuo first filed suit for breach of contract, quantum meruit, and promissory estoppel on May 17, 2022. Dkt. No. 1. The operative complaint was filed on September 14, 2022. Dkt. No. 18. On October 5, 2022, Defendants filed their answer. Dkt. No. 19.

In response, Tribuo filed a motion to strike various defenses that failed to satisfy Rule 9(b)'s particularity requirement. Dkt. No. 24.

Realizing the deficiencies in the challenged defenses, Defendants filed an amended answer on October 17, 2022.[1] Dkt. No. 29. Defendants again asserted six defenses, three of which are the subject of this motion.

The second defense pleaded was "Unclean Hands," and Defendants stated:

> In conversations with Lyons and [Robert T.] Ishii and [Robert] Suffoletta, [Scott Michael] Legg either intentionally or negligently misrepresented to Lyons that he represented Wilson Sonsini, and to Ishii and Suffoletta that he represented Lyons. In or around June 2020, Legg called Lyons and said that he was representing Wilson Sonsini in connection with recruitment. However, Legg was not in fact representing Wilson Sonsini. On or about June 11, 2020, Legg told Suffoletta that Legg was representing a group in Austin, Texas, headed by Lyons. However, Legg was not, in fact, representing Lyons. By reason of Plaintiff's unclean hands, Plaintiff is barred by the doctrine of unclean hands from recovering damages, if any.

*Id.* at 5.

The fourth defense pleaded was "Fraud," and Defendants stated:

> In conversations with Lyons and Ishii and Suffoletta, Legg either intentionally or negligently misrepresented to Lyons that he represented Wilson Sonsini, and to Ishii and Suffoletta that he represented Lyons. In or around June 2020, Legg called Lyons and said that he was representing Wilson Sonsini in connection with recruitment. However, Legg was not in fact representing Wilson Sonsini. On or about June 11, 2020, Legg told Suffoletta that Legg was representing a group in Austin, Texas, headed by Lyons. However, Legg was not, in fact, representing Lyons. To the extent that the court finds that there was a written

---

[1] When Defendants filed their amended answer, Tribuo's original motion to strike affirmative defenses was mooted. *See, e.g.*, *Local Ventures & Invs., LLC v. Open Found.*, No. 18-cv-05581, 2019 U.S. Dist. LEXIS 226961, at *11–12 (N.D. Cal. May 13, 2019).

> or oral contract between Tribuo and Lyons and/or Wilson Sonsini, it is invalid and cannot be enforced based on Tribuo and Legg's fraud or misrepresentation. Legg knew that his representations were not true, but made the representations to Wilson Sonsini and Lyons to persuade each of them to enter into a contract.

*Id.* at 6.

And the fifth defense pleaded was "Bad Faith"—Defendants stated:

> In conversations with Lyons, Ishii and Suffoletta, Legg either intentionally or negligently misrepresented to Lyons that he represented Wilson Sonsini, and to Ishii and Suffoletta that he represented Lyons. In or around June 2020, Legg called Lyons and said that he was representing Wilson Sonsini in connection with recruitment. However, Legg was not in fact representing Wilson Sonsini. On or about June 11, 2020, Legg told Suffoletta that Legg was representing a group in Austin, Texas, headed by Lyons. However, Legg was not, in fact, representing Lyons. To the extent that the court finds that a contract exists, Plaintiff's claims are made in bad faith and/or for improper and unfair purposes.

*Id.*

## II.

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits courts to "strike from a pleading," among other things, "insufficient defense[s]." *See also* FED. R. CIV. P. 7(a)(2) (identifying "an answer to a complaint" as a pleading). Engaging this procedural mechanism helps "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

"An affirmative defense is insufficiently pled if it does not give the plaintiff fair notice of the nature of the defense." *J & J Sports Prods. v. Mendoza-Govan*, No. 10-cv-05123, 2011 U.S. Dist. LEXIS 47075, at *3 (N.D. Cal. Apr. 25, 2011). And where, as here, an affirmative defense involves allegations of fraud, Rule 9(b) requires the affirmative defense to be pleaded with particularity. *De Sesto v. Slaine*, 171 F. Supp. 3d 194, 205 (S.D.N.Y. 2016) ("[A]ffirmative defenses alleging fraud must be pled with particularity as required by Rule 9(b) or be struck as inadequately pled."); *see, e.g., Methode Elecs., Inc. v. Infineon Techs. Corp.*, No. 99-cv-21142,

2000 U.S. Dist. LEXIS 20685, at *7–11 (N.D. Cal. July 13, 2000); *see also* 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed.) ("[A] motion to strike can be used to challenge a defense that fails to meet the particularity requirements that do apply to defenses, such as allegations of fraud.").

"A [litigant] alleging fraud must overcome [the] heightened pleading standard under Rule 9(b)." *ESG Cap. Partners, Ltd. P'ship v. Stratos*, 828 F.3d 1023, 1031 (9th Cir. 2016); *see Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 (9th Cir. 1996) (explaining the rule's purposes). To satisfy Rule 9(b), "a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *United States ex rel. Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (brackets omitted) (quoting *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)); *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) ("Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004))). "Any averments which do not meet that standard should be 'disregarded,' or 'stripped' from the [pleading] for failure to satisfy Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

### III.
### ARGUMENTS AND AUTHORITIES

As a group, the defenses sounding in fraud[2] are deficient in three critical ways. To start, and most glaringly, they are missing the "what" of Rule 9(b)'s particularity requirement. As pleaded by Defendants, each defense at issue here states nothing more than Legg allegedly (1) "told" a lawyer at WSGR that "he was representing a group in Austin, Texas, headed by Lyons," and (2) "called Lyons and said that he was representing [WSGR] in connection with recruitment."

---

[2] Defenses other than fraud or mistake can be subject to Rule 9(b)'s pleading requirements. *See, e.g.*, *Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, No. 14-cv-0437, 2016 U.S. Dist. LEXIS 9078, at *31 (N.D. Cal. Jan. 26, 2016).

Dkt. No. 29 at 5–6. The Ninth Circuit has been crystal clear that conclusory fraud allegations are insufficient—the "specific contents of the misrepresentations" must be pleaded. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019); *see Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) ("[Litigants] may fairly be expected to identify with specificity the . . . alleged misrepresentations . . . . Rule 9(b) thus requires that [litigants] specifically plead those facts surrounding alleged acts of fraud to which they can reasonably be expected to have access." (citations omitted)); *see also, e.g.*, *Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1250 (N.D. Cal. 2014) (holding that Rule 9(b)'s particularity requirement was not met because "the content" of the relevant statements was not pleaded). Just as well, Defendants fail to articulate with any specificity what in the statements at issue were false or misleading, let alone why they were false or misleading. *See Silingo*, 904 F.3d at 677. Absent further particularity, Tribuo is unable to "prepare an adequate answer [to] the[se] allegations." *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). As such, the Court should strike Defendants' unclean-hands, bad-faith, and fraud defenses.

These defenses are deficient under Rule 9(b) in two other ways. As to the alleged misrepresentation by Legg to Lyons, Defendants assert that the relevant statement was made "[i]n or around June 2020." Dkt. No. 29 at 5–6. This allegation is too general—more is necessary than this articulation of the "when" in Defendants' defenses. *See Swartz*, 476 F.3d at 764. Such is particularly the case where, as here, the timing in that month matters tremendously, as Tribuo alleges in its operative complaint that Lyons was presented to WSGR by Tribuo as a candidate for hire on June 11, 2020. Dkt. No. 18 at ¶ 14.

Then as to the alleged misrepresentation by Legg to WSGR, Defendants state that WSGR was "told" the relevant information by Legg. Dkt. No. 29 at 5–6. This allegation is too vague—to satisfy Rule 9(b), Defendants must allege "how [the representation] w[as] delivered to" WSGR. *See Mohebbi*, 50 F. Supp. 3d at 1250. Considering the discoverable evidence in this case will consist almost entirely of emails and phone conversations, this information is particularly

necessary so Tribuo "can prepare an adequate answer from the[se] allegations." *Gottreich v. S.F. Inv. Corp.*, 552 F.2d 866, 866 (9th Cir. 1977).

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff Tribuo Partners LLC respectfully requests that the Court, under Rule 12(f), strike Defendants' defenses of unclean hands, bad faith, and fraud. Furthermore, Tribuo believes that, if Defendants request another opportunity to amend their pleadings, *see* FED. R. CIV. P. 15(a)(2), the Court should deny the request because justice does not so require. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the [litigant] has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its [pleadings], 'the district court's discretion to deny leave to amend is particularly broad.'" (original alterations and citation omitted)); *J&J Sports Prods. Inc. v. Barwick*, No. 5:12-CV-05284, 2013 U.S. Dist. LEXIS 69368, at *18 (N.D. Cal. May 14, 2013) (Koh, J.) ("[R]epeated failure to cure a [pleading]'s deficiencies by previous amendment is reason enough to deny leave to amend.").

DATED: October 24, 2022        **SBAITI & COMPANY PLLC**

By: */s/ Mazin A. Sbaiti*
    **Mazin A. Sbaiti**
    **Attorneys for Plaintiff Tribuo Partners LLP**