Allison Lane (SBN 152384)
Justin J. Fields (SBN 259491)
Bridget S. Cho (SBN 325844)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415.957.3000
Facsimile: +1 415.957.3001
E-mail:alane@duanemorris.com
          jfields@duanemorris.com
          bscho@duanemorris.com

Attorneys for Defendants
WILSON SONSINI GOODRICH & ROSATI, P.C. and
JOSEPH MATTHEW LYONS

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIBUO PARTNERS LLC, | Case No.: 3:22-cv-02930-TLT |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |
| vs. | |
| WILSON SONSINI GOODRICH & ROSATI, P.C. and JOSEPH MATTHEW LYONS, | Courtroom:  9 – 19th Floor<br>Judge:       Hon. Trina L. Thompson<br>Complaint Filed:   May 17, 2022<br>FAC Filed:         June 13, 2022 |
| Defendants. | SAC Filed:         September 14, 2022 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Plaintiff Tribuo Partners LLC ("Tribuo") moves to strike three affirmative defenses of Defendants Wilson Sonsini Goodrich & Rosati, P.C. and Joseph Matthew Lyons (collectively "WSGR and Lyons") despite the fact that Tribuo (i) has fair notice of the basis for each of the defenses, (ii) is actually in the best position to understand the factual bases for the defenses (which are based on Tribuo principal Scott Legg's own conduct), and (iii) has not yet produced documents relevant to those defenses, including requested cell phone calls and text logs.

As importantly, however, WSGR and Lyons have satisfied their pleading requirements. Rule 9(b), where applicable, is satisfied if the pleading contains sufficient identification of the circumstances of the fraud for the opposing party to prepare a defense or frame a response. Rule 8 does <u>not</u> require a litigant to prove its case in the answer or complaint, nor does it impose a summary judgment like standard at the pleading stage. Although the claims or defenses alleged must be plausible, there is no "probability requirement at the pleading stage." *Bell Atlantic v. Twombly,* 550 U.S. 544, 556 (2008).

On a motion to strike, the court must accept as true all material allegations underlying the challenged defenses. The court must also accept any reasonable presumptions that can be drawn from them. *State of Cal. v. United States,* 512 F.Supp. 36, 38 (N.D. Cal. 1981). In many cases, simply pleading the name of the affirmative defense is sufficient. *State of New York v. Micron Technology, Inc.,* 2009 U.S. Dist. LEXIS 1624 (N.D. Cal. Jan. 5, 2009) (citing *Woodfield v. Nationwide Mutual Ins. Co.*, 193 F.3d 354, 352 (5th Cir. 1999)). The "fair notice" requirement is met if the defendant has "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Id.*

In fact, all that is required at this state of the pleadings is that a defendant provide the plaintiff with "fair notice" of the basis for each of the affirmative defenses. WSGR and Lyons have already adequately done so. Their Amended Answer to the Second Amended Complaint (Doc. No. 29) contains detailed allegations concerning the interactions between the parties underlying each of

/ / /

/ / /

1

1  the affirmative defenses, including the defense of fraud and the limited time frame (literally, the

2  month of June 2020) in which the misrepresentations were made. The defenses well satisfy the detail

3  required by Rule 8(a), and that of Rule 9 where applicable.

4  While Tribuo correctly asserts that the purpose of a motion to strike is to "avoid the

5  expenditure of time and money that must arise for litigating spurious issues," it fails to mention that

6  motions to strike are disfavored because they are often used for dilatory purposes, and that this is

7  Tribuo's second motion to strike. This is despite Tribuo's acknowledgement at the October 18, 2022

8  Case Management Conference that this is a relatively small case, and Legg knows what he said.

9  WSGR and Lyons request an order denying Tribuo's motion to strike.

10  **II.   STATEMENT OF FACTS**

11  Tribuo is a Colorado domiciled legal search and recruiting firm. Its sole member is Scott

12  Michael Legg ("Legg").

13  In 2019, Lyons was a partner in Shearman & Sterling's Austin offices.

14  Tribuo alleges that in late 2019, WSGR partner Robert Ishii expressed that WSGR was

15  searching for partners with portable business, and communicated to Tribuo that it would be open to

16  Tribuo proposing candidates – potential partners and accompanying practice groups – to join the

17  firm's mergers-and-acquisition practice. (SAC, ECF 18, ¶9.) Tribuo alleges that Legg "homed in" on

18  Lyons as a candidate for WSGR, and, in June 2020, "presented" Lyons to Ishii, and was told by Ishii

19  to "arrange a meeting" with another WSGR partner, Robert Suffoletta. (SAC, ECF 18, ¶¶11-16.)

20  WSGR and Lyons deny these allegations. WSGR and Lyons contend that Lyons and

21  Suffoletta already knew each other from practicing in the same areas of law and location. WSGR

22  and Lyons also contend there was no meeting between Lyons and Suffoletta (or anyone else at

23  WSGR) in this time frame.

24  Instead, WSGR and Lyons contend that in certain communications with Legg, Legg either

25  intentionally or negligently represented to WSGR that Tribuo represented Lyons, or, alternatively,

26  intentionally or negligently represented to Lyons that Tribuo represented WSGR. Importantly,

27  because Legg is the proverbial "horse's mouth" that made these representations, Tribuo is charged

28  with knowledge of the facts raised in WSGR and Lyons' affirmative defenses. *Petersen v. Allstate*

2

1  *Indem. Co.,* 281 F.R.D. 413 (C.D. Cal. 2012) (citing *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.

2  1993)).

3       WSGR and Lyons have propounded discovery to Tribuo on the issue of when the

4  representations were made (including Legg's cell phone data), but Tribuo will not respond to that

5  discovery or produce documents until well after this opposition is due (November 14, 2022). (See

6  ECF 28, Joint Case Management Conference Statement, Section 8.)

7  **III.      LEGAL STANDARDS APPLICABLE TO THIS MOTION TO STRIKE**

8       **A.      Motions to Strike Are Disfavored**

9       Motions to strike are typically granted only where "it is clear that the matter to be stricken

10  could have <u>no possible bearing</u> on the subject matter of the litigation." *LeDuc v. Kentucky Central*

11  *Life Ins. Co.,* 814 F.Supp. 820, 830 (N.D. Cal. 1992) (emphasis added). Motions to strike are

12  generally regarded with disfavor and are infrequently granted because they are a drastic remedy that

13  is often used for dilatory and harassing purposes. *Hynix Semiconductor, Inc. v. Rambus, Inc.,* 2007

14  U.S. Dist. LEXIS 97677 at *19-20 (N.D. Cal. Nov. 15, 2007); *Raychem Corp. v. PSI*

15  *Telecommunications, Inc.,* 1995 U.S. Dist. LEXIS 22325 at *3 (N.D. Cal. Mar. 6, 1995).

16       **B.      Notice Pleading Standard and Heightened Pleading Standard**

17       Tribuo's motion alleges that WSGR and Lyons' three affirmative defenses of fraud, unclean

18  hands and bad faith should be struck because the defenses do not "satisfy" Rule 9(b)'s particularity

19  requirement. Not so.

20       **First**, WSGR and Lyons have pleaded with sufficient particularity to meet the standards of

21  Rule 9(b) for their Fourth Affirmative Defense for fraud. (ECF 32, Motion, 4:21–6:2.) While

22  Plaintiff correctly recites Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must

23  state with particularity the circumstances constituting fraud or mistake," Rule 9(b) does not contain

24  an explicit standard for determining the amount of detail of the circumstances of the alleged fraud

25  that must be pleaded. Fed. R. Civ. P. Rule 9(b); *Andresen v. Int'l Paper Co.*, 2014 WL 2511284, *5

26  (C.D. Cal. 2014) ["[A]lthough the 'who, what when, where, and how' standard evokes the level of

27  detail required by Rule 9(b), it does not articulate a rigid checklist."].

28  / / /

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO          CASE NO.: 3:22-CV-02930-TLT
STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

**Second**, WSGR and Lyons' affirmative defenses asserting unclean hands and bad faith do not sound "in fraud" and therefore the heightened pleading requirements of Rule 9(b) are not required. (ECF 32, Motion, 4:21–22, fn. 1.) WSGR and Lyons are not claiming Plaintiff <u>defrauded</u> them, and they do not assert affirmative claims. Where unclean hands and bad faith affirmative defenses are not based on a fraud theory, the heightened pleading requirement governing fraud claims under Rule 9(b) do not apply. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–1105 (9th Cir. 2003) [when fraud is not an essential element of a claim, only allegations of fraudulent conduct need to satisfy the heightened pleading requirement of Rule 9(b).]; *see also Zic v. Italian Gov't Travel Office*, 130 F.Supp.2d 991, 998 (N.D. Ill 2001) [unclean hands is an equitable affirmative defense that need not be pleaded with particularity unless fraud is alleged involving 9(b).]. Since Tribuo's motion is predicated solely on the effort to use Rule 9(b) to strike the unclean hands and bad faith affirmative defenses, the motion to strike these two defenses should be denied. Even if Rule 9(b) were applied, the defenses have been sufficiently pled.

## IV.   WSGR AND LYONS HAVE ADEQUATELY PLED EACH OF THE THREE AFFIRMATIVE DEFENSES AT ISSUE

### A.   The Fraud Affirmative Defense Is Well Pled

A complaint satisfies Rule 9(b) if it provides sufficient identification of the circumstances of the fraud for the defendant to prepare a defense and frame an answer. *See Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1973).[1] The pleading party need not allege detailed evidentiary matters. *Walling, supra*, 476 F.2d at 397. Nor does Rule 9(b) "require any particularity in connection with an averment of intent, knowledge or condition of the mind." *Walling, supra*, 476 F.2d. at 397.

/ / /

/ / /

/ / /

---

[1]   Accord *Bosse v. Crowell Collier and MacMillan*, 565 F.2d 602, 611 (9th. Cir 1977); *Sun Sav. and Loan Assoc. v. Dierdorff*, 825 F.2d 187, 196 (9th Cir. 1987); *Washington v. Baenzinger*, 673 F.Supp 1478, 1482 (N.D. Cal. 1987); *Lindemuth v. Shannon Fin. Corp.*, 637 F.Supp. 991, 993 (N.D. Cal. 1986).

An [affirmative defense], as here, that alleges the time, place and manner of the fraud with a general averment of the plaintiff's lack of intention to perform meets the requirement of Rule 9(b). *Walling,* 476 F.2d. at 397. WSGR and Lyons' fraud affirmative defense adequately articulates the who, what, when, where and how of Plaintiff's false or fraudulent conduct. (ECF 29, Amended Answer, 6:7–16.)

**Who**. The Fourth Affirmative Defense makes it clear that Legg of Tribuo Partners LLC is the "who" under Rule 9(b). (ECF 29, Amended Answer, 6:7–16.) The Fourth Affirmative Defense includes details about Legg and his role in purportedly "representing Wilson Sonsini" and purportedly "representing a group in Austin, Texas, headed by Lyons"; outlines how Legg claimed to have "represented" WSGR and Lyons to one another, when he was not, in fact, representing either WSGR or Lyons; and includes details about Legg's role in the specific transaction. *Id.*

**What and How**. The Fourth Affirmative Defense describes in detail the mechanics of the conversation and false misrepresentations by outlining two statements between Legg and/or WSGR and Lyons, "why" those statements were false or fraudulent, and facts known to WSGR and Lyons that caused them to know or have reason to know that the statements were false or fraudulent. (ECF 29, Amended Answer, 6:7-16 [*e.g.* Legg was not, in fact, representing WSGR; Legg was not, in fact, representing Lyons].)

**When**. The Fourth Affirmative Defense provides particularity of "when" Legg's conduct occurred. In discussing specific examples, the Fourth Affirmative Defense explains "[i]n or around June 2020, Legg called Lyons and said that he was representing Wilson Sonsini" and "[o]n or about June 11, 2020, Legg told Suffoletta that Legg was representing a group in Austin, Texas, headed by Lyons." (ECF 29, Amended Answer, 6:9-12.) Without cell phone information from all parties, including Legg, which has not yet been provided and is not due until after this opposition, WSGR and Lyons cannot fairly be asked to provide a more specific date at this time.

Providing a focused and specified timeframe, as WSGR and Lyons have done, suffices. While specificity is required under Rule 9(b), "a plaintiff need not plead dates, times and place with absolute precision, so long as the complaint gives fair and reasonable notice to defendants of the claim and the grounds upon which it is based." *Rana v. Islam*, F.R.D. 53, 58 (S.D.N.Y. 2015)

5

1   [finding sufficient specificity when plaintiffs alleged misrepresentation during a two-month period].

2   WSGR and Lyons have provided fair notice by delimiting the timeframe, medium, and context of

3   the representations at issue – indeed, with more specificity than was accepted in *Rana*.

4      **Where**. The Fourth Affirmative Defense meets the "where" requirement for pleading fraud.

5   The Amended Answer contains an allegation of where Plaintiff resides and does business (ECF 29,

6   Amended Answer, 1:25–27), and the locations for WSGR and Lyons and involved personnel. (*Id*.)

7      WSGR and Lyons' Fourth Affirmative Defense alleges specific representations at specific

8   times by a specific representative, and details why Plaintiff's acts were fraudulent – because they

9   were false statements. Because the Fourth Affirmative Defense meets the requirements of Rule 9(b),

10   Plaintiff's motion to strike should be denied.

11     **B.**  **The Unclean Hands and Bad Faith Affirmative Defenses Are Well Pled**

12      WSGR and Lyons' Second Affirmative Defense asserts Plaintiff's claims are barred by the

13   doctrine of unclean hands, and the Fifth Affirmative Defense asserts Plaintiff's claims are made in

14   bad faith. (ECF 29, Amended Answer, 5:18–25, 6:19–26.)

15      The doctrine of unclean hands generally applies to prevent a party from obtaining equitable

16   relief and profiting from their own misconduct. Similarly, the affirmative defense of bad faith

17   generally applies to prevent a party from obtaining equitable relief and profiting from their own

18   misconduct or for improper purposes.

19      As discussed above in Section III.B, WSGR and Lyons' Second and Fifth Affirmative

20   Defenses do not sound in "fraud," and, therefore, Rule 9(b)'s heightened pleading requirement does

21   not apply. Even if they did, WSGR and Lyons met the pleading requirements for "fraud."

22      WSGR and Lyons' affirmative defense for unclean hands also meets the required pleading

23   standard under Rule 8(a). The conversations and communications between Legg and WSGR and

24   Legg and Lyons provide sufficient particularity regarding Tribuo's conduct that gives rise to

25   the unclean hands defense. (Amended Answer, ECF 29, 5:18–25.)

26      WSGR and Lyons' affirmative defense for bad faith meets the required pleading standard

27   under Rule 8(a) because Tribuo has sufficient "notice" and sufficient particularity regarding its own

28   bad faith tactics. (Amended Answer, 7:7–16.)

6

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
             CASE NO.: 3:22-CV-02930-TLT

WSGR and Lyons have spelled out with more than enough specificity exactly what they are alleging, such that their affirmative defenses meet any heightened pleading requirement. (*See* Section III.B, *supra*.) Indeed, when further information and documentation is developed on these issues during discovery (and after this opposition is filed), it will likely come from Legg.

## V.    CONCLUSION

It is hard to understand why Tribuo is expending both sides' (and the Court's) resources on tactical, repeated procedural issues, when it acknowledges that this case involves discrete, limited damages and a handful of documents, the bulk of which the parties have not yet exchanged.

WSGR and Lyons respectfully request that the Court deny Tribuo's motion to strike their Second, Fourth and Fifth Affirmative Defenses; or, as an alternative, should the Court deem the affirmative defenses deficient, grant them leave to amend.

Dated: November 7, 2022                    **DUANE MORRIS LLP**


By:    /s/ Allison Lane
            Allison Lane
            Justin J. Fields
            Bridget S. Cho
            Attorneys for Defendants
            WILSON SONSINI GOODRICH & ROSATI, P.C.
            and JOSEPH MATTHEW LYONS

DM1\13597069.3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO          CASE NO.: 3:22-CV-02930-TLT
STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES