Mazin A. Sbaiti (SBN 275089)
Griffin S. Rubin *(Admitted Pro Hac Vice)*
Texas Bar No. 24121809
**SBAITI & COMPANY PLLC**
2200 Ross Avenue, Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
   gsr@sbaitilaw.com

Ethan Jacobs (SBN 291838)
ethan@ejacobslaw.com
**ETHAN JACOBS LAW CORPORATION**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Attorneys for Plaintiff Tribuo Partners LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **TRIBUO PARTNERS LLC**<br><br>*Plaintiff,*<br><br>vs.<br><br>**WILSON SONSINI GOODRICH & ROSATI, P.C. and JOSEPH MATTHEW LYONS,**<br><br>*Defendants.* | Case No. 22-cv-02930-TLT<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Jury Trial Demanded<br><br>Courtroom: 9 – 19th Floor<br>Judge: Hon. Trina L. Thompson<br>Complaint Filed: May 17, 2022<br>FAC Filed:       June 13, 2022<br>SAC Filed:       September 14, 2022 |

In their response to Plaintiff Tribuo Partners LLC's ("Tribuo") Motion to Strike Defendants' Affirmative Defenses, Defendants Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR") and Joseph Matthew Lyons ("Lyons") (collectively with WSGR, "Defendants") fail to respond to the arguments raised in the motion. Defendants remain unable (or simply unwilling) to comply with the Federal Rules of Civil Procedure and plead their affirmative defenses of fraud, unclean hands, and bad faith with Rule 9(b) particularity. Thus, Tribuo respectfully requests that

the Court grant the motion to strike and deny Defendants yet another opportunity to replead such defenses.

# I.

# ARGUMENTS AND AUTHORITIES

### A. Defendants Fail to Address Any of the Challenged Aspects of Their Defenses

In their response, Defendants raise a veritable assortment of justifications for why their affirmative defenses of fraud, unclean hands, and bad faith pass muster under Rules 8 and 9(b). *See* Dkt. 37 at 5–8. Yet even a cursory glance at their arguments demonstrates that their spray-and-pray approach wholly misses *any* argument advanced by Tribuo. Among other inaccuracies in Defendants' response, Tribuo does not (1) seek for Defendants to "allege detailed evidentiary matters," Dkt. 37 at 5; (2) challenge the "who" of Defendants' pleading, *see* Dkt. 37 at 6; or (3) challenge the "where" of Defendants' pleading, *see* Dkt. 37 at 7.

Instead, Tribuo simply and explicitly raised three deficiencies in Defendants' affirmative defenses: the challenged defenses do not specify (1) the "what" of the allegedly fraudulent statements or why the content of those statements was false or misleading, Dkt. 32 at 4–5; (2) the "when" of Tribuo's alleged misrepresentation to Lyons, Dkt. 32 at 5; and (3) the "how" of Tribuo's misrepresentation to WSGR, Dkt. 32 at 5–6. Defendants provide no substantive answer to any of the deficiencies Tribuo highlighted in the instant motion.

#### i. The "What" of Defendants' Affirmative Defenses

First, Tribuo challenged Defendants' affirmative defenses because "they are missing the 'what' of Rule 9(b)'s particularity requirement," as well as "what in the statements at issue were false or misleading, let alone why they were false or misleading." Dkt. 32 at 4–5. Despite this all-important void in the challenged affirmative defenses, Defendants dedicate *one single sentence* in its response to this defect. *See* Dkt. 37 at 6. And that single sentence is conclusory. *See* 5A

Charles Alan Wright et al., Federal Practice and Procedure § 1298 (4th ed.) ("[A] pleader's general assertion of his opponent's 'fraud' or 'fraudulent conduct' or some other conclusory variant serves no informative function for either the district court or the defendant and therefore is insufficient under Rule 9(b) to raise an issue as to fraud without something more by way of supporting particulars."). Defendants' "because-we-pleaded-so" argument is nowhere close to persuasive, let alone adequate.

As Tribuo stated in its motion, "[t]he Ninth Circuit has been crystal clear that conclusory fraud allegations are insufficient—the 'specific contents of the misrepresentations' must be pleaded." Dkt. 32 at 5 (quoting *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019)). *See, e.g.*, *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1243 (N.D. Cal. 1998) (holding that the pleader failed to satisfy Rule 9(b) by failing to state "the specific content allegedly communicated," which was the "most important" aspect of the fraud allegations). This requirement is nothing new—circuit law on Rule 9(b) has required the pleader to state the "specific content of the false representations" for almost four decades. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). By failing to plead these aspects of Tribuo's allegedly fraudulent statements, Defendants have demonstrated that they are unable to satisfy Rule 9(b)'s particularity requirement.

Further, in their response, Defendants assert that they do not have to specify the contents of the alleged misrepresentations because the principal of Tribuo, Scott Legg, is "the proverbial 'horse's mouth'" and "knows what he said." Dkt. 37 at 3. In response to these assertions, and in an effort to expedite these proceedings, counsel for Tribuo wrote to Defendants' counsel and offered to withdraw the "pending motion to strike as long as Defendants are willing to stipulate unconditionally that Mr. Legg's memory and recounting of the alleged misrepresentations constitute the definitive account of the communications at issue." Ex. 1 at 1. Counsel for

Defendants declined this offer, informing Tribuo that Defendants and other "witnesses have their own memories and recounting," which they "will present" in the future. Ex. 1 at 1. This peculiar response is another reason why Defendants must plead the content of Tribuo's allegedly fraudulent statements.

### ii. The "When" of Defendants' Affirmative Defenses as to Lyons

Second, Tribuo challenged Defendants' affirmative defenses as to the representations to Lyons because they fail to specify the "when" adequately. *See* Dkt. 32 at 5. Defendants' response is twofold: (1) they already provided a "focused and specified timeframe," and (2) they do not have the evidence to assert the "when" with greater specificity. Dkt. 37 at 6. Both of these contentions are without merit.

To start, Defendants' statement that their pleading is adequate as to timing is both conclusory and legally unsubstantiated—it's simply a variant of their "because-we-pleaded-so" argument. "[T]he degree of detail required to satisfy [Rule 9(b)] often turns on the substantive context in which the fraud is alleged to have occurred." 5A WRIGHT & MILLER, *supra*, § 1298. Here, as Tribuo explained in its motion to strike, the timing is of paramount importance because "Tribuo alleges in its operative complaint that Lyons was presented to WSGR by Tribuo as a candidate for hire on June 11, 2020." Dkt. 32 at 5. In this substantive context, the timing of the representation is critical, which therefore requires Defendants to plead more particularly than they have in their affirmative defenses. *See, e.g.*, *SBC Berlin 2012-2014, Ltd. v. Babywatch, Inc.*, No. 18-cv-07611, 2019 U.S. Dist. LEXIS 244309, at *21 (N.D. Cal. Oct. 10, 2019) ("With respect to the alleged misrepresentations, Plaintiffs have not sufficiently identified when the representations were made. Doing so is particularly important here because of timeliness concerns.").

The single case Defendants cite in support of their position is inapposite. *See* Dkt. 37 at 6–7. There, the timing of the alleged misrepresentations was sufficiently pleaded because, unlike in

this case, it was not of the essence and level of importance that the timing of Tribuo's alleged misrepresentation is here. *See Rana v. Islam*, 305 F.R.D. 53, 58 (S.D.N.Y. 2015). In *Rana*, the alleged misrepresentations purportedly occurred within a "three-month period" prior to the pleader acting on the alleged misrepresentations. *Id.* It only mattered that the alleged misrepresentations in *Rana* occurred in that months-long timeframe because the substantive context of the case required as much. *See id.* This is very different than the instant case, as the timing of Tribuo's alleged misrepresentation to Lyons in June 2020 matter a great deal to liability and damages. As such, *Rana* is significantly different from a fact-specific, contextual standpoint than the instant case and is, therefore, without persuasive force.

Defendants also respond that they are unable to plead the "when" with greater specificity because they do not have Tribuo's "cell phone information." Dkt. 37 at 6. This assertion cannot withstand even minimal scrutiny. First and foremost, Tribuo's alleged misrepresentations were supposedly made to Lyons, *a defendant in this action and one of the parties making the pleading*. Therefore, Lyons is privy to the exact same information as Tribuo. Defendants' excuse lacks any validity, for when the pleader's knowledge of an alleged fraud is just as much as the opposing party's, the pleader must plead such knowledge. *Duane v. Altenburg*, 297 F.2d 515, 518 (7th Cir. 1962); *see, e.g.*, *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010). So even if Tribuo were aware of the exact allegations underlying Defendants' fraud affirmative defense, "[Rule 9(b)'s] heightened pleading is required 'even when the fraud relates to matters peculiarly within the knowledge of the opposing party.'" *Lucia v. Prospect St. High Income Portfolio*, 36 F.3d 170, 174 (1st Cir. 1994) (citation omitted). As such, Defendants' failure to plead the "when" of Tribuo's alleged misrepresentations to Lyons contravenes Rule 9(b)'s pleading requirement, and the challenged affirmative defenses must be stricken.

/ / /

### iii. The "How" of Defendants' Affirmative Defenses as to WSGR

Third, Tribuo challenged Defendants' affirmative defenses as to the representations to WSGR because they fail to specify the "how" adequately. *See* Dkt. 32 at 5–6. Defendants fail to address this flaw *anywhere* in their response. As Tribuo explained in the motion, "how" Tribuo allegedly communicated the purported misrepresentations to WSGR is critical here "[c]onsidering the discoverable evidence in this case will consist almost entirely of emails and phone conversations." Dkt. 32 at 5. Without greater particularity as to the "how," Tribuo will be significantly impeded in "prepar[ing] an adequate answer [to Defendants'] allegations." Dkt. 32 at 6 (internal quotation marks omitted) (quoting *Gottreich v. S.F. Inv. Corp.*, 552 F.2d 866, 866 (9th Cir. 1977)). Simply asserting that their affirmative defenses "describe[] in detail the mechanics of the conversation and false misrepresentations" of Tribuo is a conclusory statement that provides no legal or factual justification for Defendants' facially deficient pleading. *See* Dkt. 37 at 6. As such, Defendants' affirmative defenses fail Rule 9(b)'s strictures and must be stricken.

### B. DEFENDANTS' OTHER ARGUMENTS ARE ALSO IN ERROR

Tribuo offers three additional points in reply to Defendants. First, Defendants contend that their unclean-hands and bad-faith defenses "do not sound 'in fraud,'" and even if they did sound in fraud and Rule 9(b) were applicable, "the defenses have been sufficiently pled." Dkt. 37 at 5. While it is true that the pleading standards under Rule 8 and Rule 9(b) differ, *see United States ex rel. Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 681 (9th Cir. 2018), simply stating that Defendants' unclean-hands and bad-faith defenses are governed by Rule 8 because they do not sound in fraud is no argument.[1] Defendants fail to explain why this is the case, and examining the challenged defenses here demonstrates the facial erroneousness of Defendants' position.

---

[1] Furthermore, Defendants want to have their cake and eat it too when it comes to pleading unclean hands and bad faith. They allege in these defenses that Tribuo made misrepresentations "either intentionally or negligently." Dkt. 29

*(Footnote continued)*

For starters, "the essence" of a "misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies." *Block v. Neal*, 460 U.S. 289, 296 (1983). In their unclean-hands and bad-faith defenses, Defendants allege misrepresentations as the factual core of the defenses. *See* Dkt. 29 at 5–6. Misrepresentations are core to fraud and negligent-misrepresentation claims under governing law. *See Conroy v. Regents of Univ. of Cal.*, 203 P.3d 1127, 1135–36 (Cal. 2009); *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653–54 (Tex. 2018); *see also Mostowfi v. 12 Telecom Int'l, Inc.*, 269 F. App'x 621, 623 (9th Cir. 2008) (unpublished) ("Rule 9(b) may apply to defenses—that although lacking fraud as an element—are 'grounded' or 'sound' in fraud." (quoting *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003))). By alleging that they may avail themselves of unclean hands and bad faith as defenses, Defendants have necessarily caused these defenses to sound in fraud—maintaining otherwise defies the intimate logical relationship between fraud and misrepresentations.

Moreover, comparing the actual words pleaded by Defendants in the challenged defenses shows why their argument has no legs:

| Affirmative Defense Number Two – Unclean Hands | Affirmative Defense Number Four – Fraud | Affirmative Defense Number Five – Bad Faith |
|---|---|---|
| "In conversations with Lyons and Ishii and Suffoletta, Legg either intentionally or negligently misrepresented to Lyons that he represented [WSGR], and to Ishii and Suffoletta that he represented Lyons. In or around June 2020, | "In conversations with Lyons and Ishii and Suffoletta, Legg either intentionally or negligently misrepresented to Lyons that he represented [WSGR], and to Ishii and Suffoletta that he | "In conversations with Lyons, Ishii and Suffoletta, Legg either intentionally or negligently misrepresented to Lyons that he represented [WSGR], and to Ishii and Suffoletta that he represented Lyons. In or around June |

---

at 5–6. Had they simply pleaded negligent misrepresentation, then Defendants' pleadings may be sufficient since negligent misrepresentation is not subject to Rule 9(b). *See Ronpak, Inc. v. Elecs. for Imaging, Inc.*, No. 14-cv-04058, 2015 U.S. Dist. LEXIS 4546, at *12–13 (N.D. Cal. Jan. 14, 2015) (applying California law); *Am. Realty Tr., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 749 (N.D. Tex. 2005) (applying Texas law). *But see, e.g.*, *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010) ("Under Minnesota law, any allegation of misrepresentation, whether labeled as a claim of fraudulent misrepresentation or negligent misrepresentation, is considered an allegation of fraud which must be pled with particularity."). But because Defendants pleaded intentional misrepresentation, their affirmative defenses, despite Defendants' protestations, are necessarily subject to Rule 9(b) scrutiny.

| | | |
|---|---|---|
| Legg called Lyons and said that he was representing [WSGR] in connection with recruitment. However, Legg was not in fact representing Wilson Sonsini. On or about June 11, 2020, Legg told Suffoletta that Legg was representing a group in Austin, Texas, headed by Lyons. However, Legg was not, in fact, representing Lyons. By reason of Plaintiff's unclean hands, Plaintiff is barred by the doctrine of unclean hands from recovering damages, if any." | represented Lyons. In or around June 2020, Legg called Lyons and said that he was representing [WSGR] in connection with recruitment. However, Legg was not in fact representing [WSGR]. On or about June 11, 2020, Legg told Suffoletta that Legg was representing a group in Austin, Texas, headed by Lyons. However, Legg was not, in fact, representing Lyons. To the extent that the court finds that there was a written or oral contract between Tribuo and Lyons and/or [WSGR], it is invalid and cannot be enforced based on Tribuo and Legg's fraud or misrepresentation. Legg knew that his representations were not true, but made the representations to [WSGR] and Lyons to persuade each of them to enter into a contract." | 2020, Legg called Lyons and said that he was representing [WSGR] in connection with recruitment. However, Legg was not in fact representing [WSGR]. On or about June 11, 2020, Legg told Suffoletta that Legg was representing a group in Austin, Texas, headed by Lyons. However, Legg was not, in fact, representing Lyons. To the extent that the court finds that a contract exists, Plaintiff's claims are made in bad faith and/or for improper and unfair purposes." |

Dkt. 29 at 5–6. As is more readily visible when presented in this manner, Defendants' factual averments supporting their unclean-hands and bad-faith defenses are *identical* to those of their fraud defense. As such, it falls outside the bounds of logic to suggest that the nearly identical pleadings of the unclean-hands and bad-faith defenses as compared to the fraud defense can mean that unclean hands and bad faith in this case do not sound in fraud.

      Second, Defendants state that "[a] complaint satisfies Rule 9(b) if it provides sufficient identification of the circumstances of the fraud for the defendant to prepare a defense and frame an answer," citing several cases from this circuit and sister courts in support. Dkt. 37 at 5 & n.1.

While Tribuo agrees that this caselaw remains good law, citing only to these authorities is an incomplete recitation of the standard. For instance, Defendants do not explain what "circumstances" actually means. But Ninth Circuit caselaw does—the "specific contents of the misrepresentations" are part of the circumstances. *Depot*, 915 F.3d at 668; *see* 5A WRIGHT & MILLER, *supra*, § 1297 ("[T]he reference to 'circumstances' in the rule is to matters such as the time, place, and contents of the false representations or omissions . . . ."). Ninth Circuit caselaw has clearly explained Rule 9(b)'s particularity requirements in greater detail since the cases Defendants cite were released. Accordingly, Defendants' argument regarding "circumstances" sufficing for the specific content of Tribuo's alleged misrepresentations does not reflect applicable law.

Third, and finally, Defendants go to lengths to malign Tribuo's motion to strike, ultimately stating that "[i]t is hard to understand why Tribuo is expending both sides' (and the Court's) resources on tactical, repeated procedural issues." Dkt. 37 at 8. Putting aside for the moment that Tribuo filed a second motion to strike because Defendants mooted the first one, *see* Dkt. 29, Defendants' statement and the sentiment it reflects are nothing more than litigatory gaslighting. Defenses like these lead to costly discovery. Just like motions to strike, "defenses based upon fraud are disfavored and therefore must be scrutinized by the courts with great care." 5A WRIGHT & MILLER, *supra*, § 1296; *see Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 404 (9th Cir. 2021) ("Because allegations of fraud inescapably carry a degree of moral turpitude, Rule 9(b) imparts a heightened note of seriousness, requiring a greater degree of pre-discovery investigation by the [pleader], followed by the [pleader]'s required particular allegations, thereby protecting [an opposing party]'s reputation from frivolous and unfounded allegations and permitting a particularized basis for [the opposing party] to respond to the particularized allegations.").

Tribuo is uncertain why Defendants have decided to drive up the costs of this case by failing to follow the Federal Rules of Civil Procedure's pleading requirements. It may be in the hope of minimizing the amount of money Defendants will inevitably pay Tribuo in damages. But Rule 9(b) guards against such a strategy. *See Decker v. Glenfed, Inc. (In re Glenfed Sec. Litig.)*, 11 F.3d 843, 847 (9th Cir. 1993) ("Rule 9(b) also serves to deter suits pursued for their settlement value, rather than their merits."), *opinion vacated on other grounds on reh'g*, 42 F.3d 1541 (9th Cir. 1994). It may be in hopes of obfuscating the facts in this case to make it more difficult for Tribuo to bring. But Rule 9(b) also protects against that. *See Gottreich*, 552 F.2d at 866. At day's end, Defendants' pleading problem likely just comes down to not taking Tribuo's allegations seriously. *See Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999) (Posner, J.) (describing Rule 9(b)'s purpose as "forc[ing] the [pleader] to do more than the usual investigation before filing"). No matter the explanation, the result remains the same—Defendants' affirmative defenses of fraud, unclean hands, and bad faith are subject to Rule 9(b)'s particularity requirement and ultimately fail to clear this standard. Accordingly, these defenses should be stricken.

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Tribuo Partners LLC respectfully requests that the Court, under Rule 12(f), strike Defendants' defenses of unclean hands, bad faith, and fraud. And as detailed previously, Plaintiff Tribuo Partners LLC respectfully requests that Defendants be precluded from repleading these defenses. *See* Dkt. 32 at 6.

DATED: November 14, 2022        **SBAITI & COMPANY PLLC**

By: <u>*/s/ Griffin S. Rubin*</u>
    Mazin A. Sbaiti
    Griffin S. Rubin *(admitted pro hac vice)*
    Attorneys for Plaintiff Tribuo Partners LLP