United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRIBUO PARTNERS LLC,

        Plaintiff,

    v.

WILSON SONSINI GOODRICH ROSATI, P.C.,

        Defendant.

Case No. 22-cv-02930-TLT

**ORDER DENYING MOTION TO STRIKE**

Re: ECF Nos. 32, 33, 37, 38

Before the Court is Plaintiff Tribuo Partners LLC's motion to strike the affirmative defenses of Defendants Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR") and Joseph Matthew Lyons on grounds that such defenses are insufficiently pled and state legal conclusions without factual support.  ECF No. 32.  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the motion to strike affirmative defenses.

    **I.**    **Legal Standard**

Before responding to a pleading, a party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to the trial."  *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 624 (N.D. Cal. Oct. 14, 2011) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).  Motions to strike are generally disfavored.  *See Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011); *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).  A motion to strike

should only be granted if the matter sought to be stricken clearly has no possible bearing on the subject matter of the litigation. *See Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ("'Immaterial matter' is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.").

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). What constitutes fair notice depends on the particular defense in question. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ("FPP") § 1381 (3d ed. 2004). While a defense need not include extensive factual allegations in order to give fair notice (*Security People, Inc.*, 2005 WL 645592, at *2) bare statements reciting mere legal conclusions may not be sufficient. *CTF Development, Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009). Because motions to strike a defense as insufficient are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent." FPP § 1381; *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) ("Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike.").

When considering a motion to strike, the court "must view the pleadings in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Securities Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Wyshak,* 607 F.2d at 826; *Qarbon.com Inc. v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

Although the Ninth Circuit has not yet addressed the issue, numerous courts in the Northern District of California have applied the *Iqbal-Twombly* pleading standard to affirmative defenses. *See e.g.*, *Prime Media Group LLC v. Acer Am. Corp.*, No. 12-cv-05020 EJD, 2013 WL 621529, at *2 n.2 (N.D. Cal. Feb. 19, 2013); *Ansari v. Elec. Document Processing, Inc.*, No. 12-cv-01245-LHK, 2013 WL 664676, at *2–3 (N.D. Cal. Feb. 22, 2013); *Diamond State Ins. Comp. v. Marin Mountain Bikes Inc.*, No. C 11-5193 CW, 2012 WL 6680259, at *7 (N.D. Cal. Dec. 21,

United States District Court
Northern District of California

United States District Court
Northern District of California

2012); *Pagemelding Inc. v. ESPN Inc.*, No. C 11-06263 WHA, 2012 WL 3877686, at *3 (N.D. Cal. Sept. 6, 2012).  "Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply."  *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (citations omitted).

## II.    Discussion

Plaintiff moves to strike three of Defendants' affirmative defenses; namely, unclean hands, fraud, and bad faith.  The primary challenges raised in Plaintiff's motion are twofold: (1) Defendants' affirmative defenses do not plead with particularity why certain statements were false and misleading, and (2) the pleading of "[i]n or around June 2020" is not specific enough to survive a 12(f) motion.  ECF No. 32, Motion to Strike, 5.

Defendants have sufficiently pled their affirmative defenses to give plaintiff "fair notice of the defense."  *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  To be sufficient, a defense must be more than bare statements reciting mere legal conclusions.  *CTF Development, Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009).  Yet, a defense need not include extensive factual allegations in order to give fair notice.  *Security People, Inc.*, 2005 WL 645592, at *2

Here, Defendants assert that Michael Legg, depending on to whom he was speaking, said he either represented WSGR or Jospeh Matthew Lyons.  ECF No. 29, Second Amended Answer, 5-6.  Defendants allege that these statements were false.  *Id*.  Furthermore, Defendants allege that these false representations occurred in June 2020, but more specifically, one occurrence on June 11, 2020.  *Id*.  In viewing second amended answer in a light most favorable to Defendants, the amended answer satisfies the particularity pleading requirements under *Iqbal-Twombly*.

Holding defendants to the same pleading standard as plaintiffs generally ensures practical efficiency, fairness, and increased clarity for the ensuing litigation.  Here, Plaintiff's pending motion to strike presents none of these benefits.  Requiring Defendants to re-plead their affirmative defenses now will not further the resolution of Plaintiff's claims, nor does it impede

Plaintiff's ability to prosecute their case.  Accordingly, the Court declines to strike any of Defendants' affirmative defenses and Plaintiff's motion is **DENIED**.

     **IT IS SO ORDERED.**

Dated: November 17, 2022

_____
TRINA L. THOMPSON
United States District Judge